UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

LISA WILLARD,

    Plaintiff,

vs.

UFP AUBURNDALE, LLC, a
Foreign Limited Liability
Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL AND REQUEST FOR INJUCTIVE AND DECLARATORY RELIEF

Plaintiff, LISA WILLARD ("Ms. Willard" or "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against the Defendant, UFP AUBURNDALE, LLC ("UFP" or "Defendant"), and alleges the following:

1. Plaintiff brings these claims for sex-based discrimination, sexual harassment, and retaliation in violation of the Title VII of the Civil Rights Act ("Title VII"). Plaintiff is seeking damages including back pay, front pay,

benefits, injunctive relief, compensatory damages, punitive damages, attorneys' fees and costs, and any other damages permitted by law.

## JURISDICTION

2.  This Court has original jurisdiction over Plaintiff's Title VII claims as they arise under federal law, pursuant to Title VII.

3.  The actions giving rise to this lawsuit occurred in Polk County, Florida.

## CONDITIONS PRECEDENT

4.  Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about May 4, 2021.

5.  Plaintiff received her Right to Sue letter from the EEOC on May 27, 2021.

6.  Plaintiff timely files this lawsuit and has complied with all administrative prerequisites.

7.  All conditions precedent to this action have been satisfied and/or waived.

## VENUE

8.  Venue is proper because Defendant conducts substantial business

in Polk County, Florida, and Plaintiff worked for Defendant in Polk County, Florida, where the actions at issue took place.

## PARTIES

9. During all times relevant, Plaintiff lived in Polk County, Florida.

10. Plaintiff is protected by Title VII because:

    a. She was a female who suffered discrimination based on her sex by Defendant; and

    b. She suffered an adverse employment action and was subjected to an increasingly hostile work environment based on her sex, including being subjected to sexual harassment and discrimination, and for objecting to sex-based discrimination and sexual harassment.

11. Defendant is a foreign limited liability company that provides services as a building materials supplier in Polk County, Florida.

12. Defendant was at all material times an "employer" as defined by Title VII as it employed in excess of fifteen (15) employees.

## GENERAL ALLEGATIONS

13. Ms. Willard worked for UFP as a Laborer from September 2019, until her unlawful termination around July 1, 2020.

14. Ms. Willard was an excellent employee, who had no significant

history of performance, disciplinary, or attendance issues.

15. During her tenure at UFP, Ms. Willard worked under the supervision of Manager, Ryan Mathis ("Mr. Mathis").

16. Mr. Mathis created an aggressive and hostile atmosphere for female workers at UFP.

17. Mr. Mathis constantly berated, singled out, and verbally disciplined female workers for actions which male workers preformed regularly without reproach.

18. Mr. Mathis also humiliated Ms. Willard by forcing her to do tasks of extreme manual labor alone, while other male employees looked on.

19. Moreover, UFP issued no write-ups and never placed Ms. Willard on a corporate action plan to improve her performance before termination, further proving that the aforementioned interactions were disparate and discriminatory in nature.

20. Even though she performed her work duties admirably, Ms. Willard became one of Mr. Mathis's ideal targets for sex/gender harassment.

21. This severe and pervasive conduct was perpetuated by Mr. Mathis on a daily basis.

22. The discrimination reached its zenith around June 2020, when

Ms. Willard's fellow male employee failed to pick her up and provide transportation to work, as he had done so many times in the past.

23. As a result, Mr. Mathis suspended Ms. Willard for three (3) days for arriving late yet did not discipline the male employee at all for failing to show up altogether.

24. This disparate treatment based on Ms. Willard's gender is direct evidence of discrimination in violation of Title VII.

25. Ms. Willard had no choice but to object to UFP management in an attempt to remedy the discriminatory environment she found herself in.

26. While Ms. Willard requested a meeting to discuss Mr. Mathis' unlawful conduct, UFP management refused to grant it, and shortly thereafter, on July 1, 2020, UFP terminated Ms. Willard.

27. Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive hostile working environment.

28. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for Plaintiff's discharge.

29. Any reason provided for Plaintiff's discharge by Defendant is a pretext and cover up for illegal retaliation.

30. Plaintiff's discharge was due to the hostile work environment

caused by Defendant's acts of sex-based discrimination, sexual harassment, and for failing to take prompt remedial measures to alleviate sexual harassment and retaliation as the law requires, and in retaliation for Plaintiff's objections to Defendant's violations of law.

31. The temporal proximity between Plaintiff's objections to Defendant's illegal conduct, or what Plaintiff reasonably believed to be illegal conduct, and her discharge, is sufficiently close to create the necessary nexus between the events.

32. By reason of the foregoing, Defendant's actions affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by Title VII.

33. Plaintiff was treated in a disparate manner from her counterparts as a result of her sex.

34. As a result of the above conduct by Defendant, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

35. Defendant did not have a subjective or objective good faith basis for its actions.

36. Plaintiff has retained the law firm of RICHARD CELLER

LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## SEX DISCRIMINATION/SEXUAL HARASSMENT
## IN VIOLATION OF TITLE VII

37. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 36 of the Complaint, as if fully set forth in this Count.

38. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex-based discrimination and sexual harassment under Title VII.

39. The discrimination/harassment to which Plaintiff was subjected was severe and pervasive and was based on her sex.

40. Due to the severe and pervasive sex-based discrimination and sexual harassment Defendant created a hostile work environment.

41. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

42. The conduct of Defendant was so willful, wanton, and in reckless

disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

43. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff requests judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

44. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 36 of the Complaint, as if fully set forth in this Count.

45. Plaintiff was constructively discharged within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her sex and subjected to sexual harassment.

46. Plaintiff's objections constituted protected activity under Title VII.

47. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be sex discrimination and sexual harassment.

48. Plaintiff's objections to Defendant's illegal conduct, and her discharge, are causally related.

49. Defendant's stated reasons for Plaintiff's discharge are a pretext.

50. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

51. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing sex discrimination and sexual harassment under the Title VII.

52. Defendant retaliated against Plaintiff because of her opposition to Defendant's illegal, discriminatory conduct.

53. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

54. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable

harm.

55. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 18th day of August 2021.

By: **/s/ Noah Storch**
Noah Storch, Esq.
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorney for the Plaintiff*