UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA WILLARD,

    Plaintiff,

v.                                                              Case No: 8:21-cv-1987-CEH-JSS

UFP AUBURNDALE, LLC,

    Defendant.
_____/

**ORDER**

THIS MATTER is before the court on Defendant's Motion to Compel Plaintiff to Comply with Discovery Obligations ("Motion"). (Dkt. 25.) Upon consideration and for the reasons explained below, the Motion is granted.

On August 18, 2021, Plaintiff filed her Complaint. (Dkt. 1.) In October of 2021, Defendant served Plaintiff with its First and Second Requests for Production of Documents and Interrogatories. (Dkt. 25-1.) On January 21, 2022, after Plaintiff failed to respond to the discovery requests, Defendant filed its Motion. (Dkt. 25.) Contemporaneously, Plaintiff's counsel moved to withdraw. (Dkts. 24, 26, 28, 29.) Those requests were granted, and Plaintiff was permitted thirty (30) days to obtain new counsel. (Dkt. 30.) Plaintiff was further provided notice that if she failed to retain new counsel, she would proceed *pro se* in this action. (*Id.*) After thirty days passed, the court ordered Plaintiff to file a response on or before March 14, 2022, and advised

Plaintiff that failure to respond would result in the court considering the Motion unopposed. (Dkt. 31.) To date, Plaintiff has failed to file a response to the Motion.

A party is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). The term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). The court has broad discretion in managing pretrial discovery matters and in deciding to compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

Here, despite the court's Order directing Plaintiff to respond to the Motion by March 14, 2022, Plaintiff has failed to file a response. Consequently, the court presumes Plaintiff has no objection to Defendant's Motion. *See* M.D. Fla. Local R. 3.01(c). Further, all litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," regardless of whether the litigant is represented by an attorney. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

- 3 -

The Eleventh Circuit requires *pro se* litigants to "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Compel Plaintiff to Comply with Discovery Obligations (Dkt. 25) is **GRANTED**.

2. Plaintiff shall serve her discovery responses and produce all documents responsive to Defendant's discovery requests in accordance with this Order within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, on March 15, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
*Pro Se* Plaintiff