UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA WILLARD,

    Plaintiff,

v.                                                                Case No: 8:21-cv-1987-CEH-JSS

UFP AUBURNDALE, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    THIS MATTER is before the court on Defendant's Motion for Order Awarding Sanctions for Plaintiff's Failure to Comply with Multiple Court Orders or to Provide Ordered Discovery Responses and Documents ("Motion") (Dkt. 34). For the reasons that follow, the court recommends that the Motion be granted.

### BACKGROUND

    On August 18, 2021, Plaintiff filed her Complaint, asserting claims for sex-based discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act. (Dkt. 1.) On September 16, 2021, Defendant filed its Answer. (Dkt. 12.) The court then filed its Case Management and Scheduling Order, which included a discovery deadline of April 8, 2022.

    In October of 2021, Defendant served Plaintiff with its First and Second Requests for Production of Documents and Interrogatories. (Dkt. 25-1.) On January 21, 2022, after Plaintiff failed to respond to the discovery requests, Defendant filed a

motion to compel.  (Dkt. 25.)  Contemporaneously, Plaintiff's counsel moved to withdraw.  (Dkts. 24, 26, 28, 29.)  Those requests were granted, and Plaintiff was permitted thirty (30) days to obtain new counsel.  (Dkt. 30.)  Plaintiff was further provided notice that if she failed to retain new counsel, she would proceed pro se in this action.  (*Id.*)  After thirty days passed, the court ordered Plaintiff to file a response on or before March 14, 2022, and advised Plaintiff that failure to respond would result in the court considering the Motion unopposed.  (Dkt. 31.)  On March 15, 2022, the court granted Defendant's motion to compel (Dkt. 25) and ordered Plaintiff to respond to Defendant's October 4 and 22, 2021 discovery requests and produce all documents within fourteen days of the order.  (Dkt. 33.)

On April 6, 2022, after Plaintiff failed to comply with the court's order and failed to respond to the discovery requests, Defendant filed the instant Motion.  (Dkt. 34.)  Defendant asserts that "Plaintiff has not contacted Defendant for an extension to provide the ordered discovery, and has provided no response or document responsive to the written discovery as ordered by the Court."  (Dkt. 34 ¶ 11.)  As a result, Defendant seeks sanctions against Plaintiff. (*Id.* at 1.) Specifically, Defendant requests that the court dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 37.  (*Id.* at 7.)

In light of the Motion, on April 11, 2022, the court entered an order to show cause, noting Defendant's assertion that Plaintiff had not provided the discovery ordered by the court.  (Dkt. 37.)  The court directed Plaintiff to show cause on May 2, 2022 at 10:00 a.m. why this action should not be dismissed for failure to prosecute.

(*Id.* at 2.) The court further advised Plaintiff that her "failure to appear may result in the dismissal of this case without further notice." (*Id.* at 3.) Plaintiff did not appear at the hearing and the hearing proceeded in Plaintiff's absence.

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 37(b)(2) permits the court broad authority in sanctioning a party for failure to comply with a court order to provide discovery. Fed. R. Civ. P. 37(b)(2)(A); *Gratton v. Great Am. Commc'n*, 178 F.3d 1373, 1374 (11th Cir. 1999). The court may also treat "as contempt of court the failure to obey any order." Fed. R. Civ. P. 37(b)(2)(A)(vii). District courts have broad discretion to fashion appropriate sanctions for violations of discovery orders, such as a dismissal without prejudice. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *Fitzgerald v. Gillis*, No. 5:13-cv-261/MW/EMT, 2015 WL 4976536, at *8 (N.D. Fla. July 23, 2015), *report and recommendation adopted,* No. 5:13-cv-261-MW/EMT, 2015 WL 4975290 (N.D. Fla. Aug. 20, 2015) (finding dismissal without prejudice an appropriate sanction when the plaintiff disregarded the court's discovery orders). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and ensure the integrity of the discovery process." *Gratton*, 178 F.3d at 1374–75.

Federal Rule of Civil Procedure 41(b) similarly provides that a defendant may move to dismiss an action when a plaintiff fails to prosecute the case or comply with the court's rules and orders. As such, the court is empowered to dismiss an action without prejudice pursuant to Rule 41(b) and its inherent authority. *See Johnson v.*

*DuBose*, 806 F. App'x 927, 928 (11th Cir. 2020).  Moreover, a dismissal without prejudice under this provision may be an appropriate sanction where a party fails to obey court orders or prosecute the case.  *See Owens v. Pinellas Cty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) ("Pursuant to Fed. R. Civ. P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court."); *Battle v. Laughlin*, No. cv 317-056, 2017 WL 6945062, at *1 (S.D. Ga. Dec. 19, 2017), *report and recommendation adopted,* No. cv 317-056, 2018 WL 405118 (S.D. Ga. Jan. 12, 2018).

These principles apply with equal force to pro se parties.  *Zow v. Regions Fin. Corp.*, 595 F. App'x 887, 889 (11th Cir. 2014); *see also Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 350–51 (11th Cir. 2009) (finding that district court did not abuse its discretion in dismissing pro se plaintiff's case with prejudice for failure to comply with her discovery obligation, the procedural rules applicable to her case, and the court's discovery order, pursuant to Rule 37(b)(2)(A) and Rule 41(b)).

**ANALYSIS**

The undersigned recommends that pursuant to Rule 37(b)(2)(A) and Rule 41(b), this case be dismissed without prejudice.  When Plaintiff's counsel withdrew from the representation, the court advised Plaintiff that the withdrawal of counsel did not relieve her of the obligation to duly prosecute this matter and comply with the orders of the court.  (Dkt. 30.)  After Plaintiff declined to obtain new counsel, the court directed Plaintiff to file a response to Defendant's motion to compel (Dkt. 25). (Dkt.

31.) In the absence of any response, the court granted Defendant's motion to compel and directed Plaintiff to serve her discovery responses and produce all documents responsive to Defendant's discovery requests. (Dkt. 33.) After Defendant filed the instant Motion, the court scheduled a show cause hearing on the Motion to further provide Plaintiff an opportunity to be heard. (Dkt. 37.) The court advised Plaintiff that failure to appear for the hearing could result in dismissal of the action. (*Id.* at 3.) Notwithstanding, Plaintiff did not file a response to the Motion or appear at the show cause hearing. Thus, Plaintiff has neither opposed the Motion nor made any attempt to prosecute this case.

As such, the record reflects that the court advised Plaintiff that failure to abide by the court's directives could result in dismissal of this action. *See Adeniji v. Att'y Gen. Middle Dist. of Fla.*, 786 F. App'x 1002, 1003 (11th Cir. 2019) ("Generally, where a litigant has been forewarned, dismissal for failure to comply with a court order does not constitute an abuse of discretion."). Therefore, in light of the procedural history outlined above, the undersigned recommends that this action be dismissed without prejudice. *See, e.g.*, *Porter v. Inch*, No. 3:19-cv-327-BJD-JRK, 2021 WL 1193265, at *4 (M.D. Fla. Mar. 30, 2021) (dismissing an action without prejudice where the plaintiff failed to prosecute the case and comply with court's directives); *Walker v. Miner*, No. 8:16-cv-284-T-36SPF, 2018 WL 10705407, at *1 (M.D. Fla. Dec. 13, 2018) (dismissing action without prejudice due to the plaintiff's failure to comply with the court's order).

Accordingly, it is **RECOMMENDED**:

1. Defendant's Motion for Order Awarding Sanctions for Plaintiff's Failure to Comply with Multiple Court Orders or to Provide Ordered Discovery Responses and Documents (Dkt. 34) be **GRANTED**.

2. The action be **DISMISSED without prejudice**.

3. The Clerk be directed to terminate any pending motions and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on May 5, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Charlene Edwards Honeywell
Counsel of Record
Pro Se Plaintiff