# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LISA WILLARD,

     Plaintiff,

v.                                                                                   Case No: 8:21-cv-1987-CEH-JSS

UFP AUBURNDALE, LLC,

     Defendant.

_____

## ORDER

This cause comes before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Julie S. Sneed (Doc. 45).  In the R&R, Magistrate Judge Sneed recommends that the Court grant Defendant UFP Auburndale, LLCs Motion for Sanctions (Doc. 34) and dismiss this action without prejudice.

Defendant timely objected to the R&R in accordance with 28 U.S.C. § 636(b)(1), contending that the action should be dismissed with prejudice (Doc. 46). Upon consideration of the R&R, Defendant's objection, and the Court's independent examination of the file, the Court will overrule Defendant's objection, adopt the R&R, grant Defendant's motion for sanctions, and dismiss the action without prejudice.

## I.    BACKGROUND

On August 18, 2021, Plaintiff Lisa Willard, then represented by counsel, filed a Complaint against UFP Auburndale, LLC (Doc. 1).  She alleged federal claims of sex-based discrimination, sexual harassment, and retaliation. *Id.*  As the action proceeded,

the Court filed a Case Management and Scheduling Order that included a discovery deadline of April 8, 2022 (Doc. 19).

On January 21, 2022, Plaintiff's counsel moved to withdraw, citing "[i]rreconcilable differences, based on Plaintiff's refusal to respond to Plaintiff's counsel." Doc. 24 at 1; Doc. 26 at 1.  On the same date, Defendant filed a motion to compel Plaintiff to comply with discovery deadlines. Doc. 25.  Defendant explained that it had not received any response to its discovery requests on October 4 and October 22, 2021, despite multiple extensions of the deadlines. *Id.* at 1-3.  Defendant also shared Plaintiff's counsel's representation from November 2021 that Plaintiff's child had passed away. *Id.* at 2.

The Court granted counsel's motions to withdraw, upon amendment (*see* Dkt. 27; Docs. 28, 29), on January 26, 2022, and gave Plaintiff thirty days to obtain new counsel or proceed *pro se.* Doc. 30.  To date, no new counsel has entered an appearance on her behalf.  The Court subsequently directed Plaintiff to respond to the motion to compel by March 14, 2022. Doc. 31.  Plaintiff did not file a response.  Accordingly, on March 15, the Court granted Defendant's motion and ordered Plaintiff to respond to Defendant's discovery requests within fourteen days. Doc. 33.

Defendant filed a motion for sanctions on April 6, 2022, explaining that Plaintiff had again failed to comply with the Court's March 15 Order and had not provided any discovery. Doc. 34. at 3-4.  Defendant argued that the drastic sanction of dismissal was warranted by Plaintiff's willful and unjustified refusal to participate in the prosecution of her own claims while requiring Defendant to expend its resources to defend against

them. *Id.* at 5-6.  In a supplemental notice pursuant to Local Rule 3.01(g), Middle District of Florida, defense counsel explained that they had been largely unsuccessful in contacting Plaintiff by email or telephone before or after the motion's filing. Doc. 36 at 1-2.  However, Plaintiff sent counsel an email on April 6, 2022, in which she explained that her mental state was severely impacted by the death of her child at the age of two months, which remained under investigation as a possible homicide. Doc. 36-2 at 2.  Defense counsel's further attempts to contact Plaintiff were unsuccessful. Doc. 36 at 2.

The Court issued an Order directing Plaintiff to show cause as to why the case should not be dismissed for failure to prosecute. Doc. 37 at 2.  A show cause hearing was held on May 2, 2022, in front of Magistrate Judge Julie S. Sneed. *Id.*; Doc. 43. Plaintiff did not attend the hearing or file a response with the Court. *Id.*

On May 5, 2022, the magistrate court issued an R&R in which she recommended granting the motion for sanctions and dismissing the action without prejudice. Doc. 45.  Defendant has filed a timely objection. Doc. 46.

## II.    LEGAL STANDARD

"Within fourteen days after being served with a copy, any party may serve and file written objections" to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C).  When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see* Fed. R.

Civ. P. 72(b)(3).  The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Sch. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

### III.   DISCUSSION

Defendant explains that it "generally agrees with the Report and Recommendation and does not object to the Magistrate Judge's factual findings." Doc. 46 at 1.  Defendant solely objects to the magistrate court's recommendation to dismiss the action without prejudice, rather than with prejudice. *Id.*  Defendant argues that Plaintiff's repeated failures to comply with court orders, respond to discovery, or prosecute her case in any meaningful fashion warrant the sanction of dismissal with prejudice. *Id.* at 3-4.

Federal Rule of Civil Procedure 37(b)(2) authorizes the court to sanction a party for failure to comply with a court order to provide discovery. Courts have broad discretion to determine the appropriate sanction, up to and including dismissal of the action. Fed. R. Civ. P. 37(b)(2); *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999).  Rule 41(b) also permits a defendant to move to dismiss an action if the plaintiff willfully fails to prosecute or to comply with a court order. Fed. R. Civ. P. 41(b); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).  The

principles codified in Rules 37 and 41 apply equally to parties who are proceeding *pro se*. *Zow v. Egions Fin. Corp.*, 595 F. App'x 887, 889 (11th Cir. 2014).

Defendant is correct that Rules 37 and 41 permit a dismissal with prejudice when appropriate, and it is within the Court's discretion to do so if it determines that lesser sanctions would not suffice. Doc. 46 at 2-3; *see, e.g.*, *Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 351 (dismissal without prejudice is not an abuse of discretion when a party demonstrates a flagrant disregard for the court and the discovery practice) (citing *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982)).

Under these circumstances, however, the Court agrees with the magistrate judge that a dismissal without prejudice is a sufficient sanction. *See* Doc. 45 at 4-5.  A dismissal, even without prejudice, is a "severe sanction" that "is appropriate only as a last resort."  *Malauteau v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Plaintiff will not be able to reopen the action without a showing of good cause, both as to the revival of the claims as well as her repeated failures to comply with the Court's orders.  Further, the statute of limitations is not tolled by an action that is dismissed, even without prejudice. *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).  Accordingly, the Court finds that dismissal without prejudice is an appropriate sanction.

Accordingly, it is **ORDERED:**

1. Defendant UFP Auburndale, LLC's Objection to the Report and Recommendation (Doc. 46) is **OVERRULED**.

2. The Report and Recommendation entered by United States Magistrate Judge Julie S. Sneed on May 5, 2022 (Doc. 45) is **ADOPTED, CONFIRMED, AND APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

3. Defendant's Motion for Sanctions (Doc. 34) is **GRANTED**.

4. This action is **DISMISSED without prejudice**.

5. The Clerk of Court is directed to terminate all motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on October 6, 2022.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

6